would serve no jurisprudential purpose. We have, however, provided a memorandum setting forth the reasons for our decision. The judgment is affirmed under Rule 30.25(b).

**STATE of Missouri, Respondent,**

v.

**Jesse SYLVAIN, Appellant.**

**No. ED 85449.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 18, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 2005.

John K. Tucci, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before GLENN A. NORTON, C.J.,
LAWRENCE E. MOONEY, J., and
BOOKER T. SHAW, J.

### ORDER

PER CURIAM.

Jesse Sylvain appeals the judgment entered upon his conviction following a bench trial for one count of statutory sodomy in the first degree against a four-year old boy. We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion

**Trude CORLESS, Respondent,**

v.

**Mark BECKER, Appellant.**

**No. ED 85419.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 18, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 2005.

Joseph Howlett, Clayton, MO, for appellant.

Susan K. Roach, Clayton, MO, for respondent.

Before MARY K. HOFF, P.J.,
CLIFFORD H. AHRENS, J., and
PATRICIA L. COHEN, J.

### ORDER

PER CURIAM.

Mark Becker ("Husband") appeals from a Judgment of Dissolution of Marriage entered by the Circuit Court of St. Louis County. Husband contends that the trial court erred by: (1) holding that the prenuptial agreement he and Trude Corless

("Wife") entered into prior to marriage applied only to property set forth in the schedules attached to the prenuptial agreement and not to property earned or acquired by the parties during the marriage; and (2) finding that Husband dissipated marital assets in the amount of $28,000.

We have reviewed the briefs of the parties and the record on appeal. The judgment is supported by substantial and competent evidence and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision.

We affirm the award pursuant to Rule 84.16(b).